UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BEN ROTHMAN, ) | CASE NO. CV 18-8341-R |
| ) | |
| Plaintiff, ) | ORDER DENYING PLAINTIFF'S |
| ) | MOTION FOR RECONSIDERATION |
| v. ) | |
| ) | |
| OPTIMA ADVOCATES, INC., ) | |
| ) | |
| Defendant. ) | |
| ) | |

Before the Court is Plaintiff's Motion for Reconsideration of this Court's Order Denying Stipulation Extending Plaintiff's Deadline to File Motion for Class Certification, filed on February 22, 2019. (Dkt. No. 28). This Court took the matter under submission on April 9, 2019.

Whether to grant a motion for reconsideration is a matter within the Court's discretion. *Milton H. Greene Archives, Inc. v. CMG Worldwide, Inc.*, 568 F. Supp. 2d 1152, 1162 (C.D. Cal. 2008) (citing *Navajo Nation v. Confederated Tribes and Bands of the Yakama Indian Nation*, 331 F.3d 1041, 1046 (9th Cir. 2003)). "Although Rule 59(e) permits a district court to reconsider and amend a previous order, the rule offers an extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Kona Enters. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) (internal quotations omitted). "A motion for reconsideration of the

1 decision on any motion may be made only on the grounds of (a) a material difference in fact or
2 law from that presented to the Court before such decision that in the exercise of reasonable
3 diligence could not have been known to the party moving for reconsideration at the time of such
4 decision, or (b) the emergence of new material facts or a change of law occurring after the time of
5 such decision, or (c) a manifest showing of a failure to consider material facts presented to the
6 Court before such decision." Cal. C.D. L.R. 7-18.  None of those circumstances are present here.

7 Plaintiff asserts that the Court's January 31, 2019 Order denying the parties' joint
8 stipulation was made in error because the Court failed to explicitly consider the recent Ninth
9 Circuit decision in *Abs Entm't v. CBS Corp.*, 908 F.3d 405, 427 (9th Cir. 2018).  In that case, the
10 Ninth Circuit Court of Appeals determined that the strict 90-day deadline to file a motion for class
11 certification under Central District Local Rule 23-3 is incompatible with Federal Rule of Civil
12 Procedure ("FRCP") 23.  Although a district court's application and interpretation of its Local
13 Rules is entitled to "a large measure of discretion," *Lance, Inc. v. Dewco Servs., Inc.*, 422 F.2d
14 778, 784 (9th Cir. 1970), Local Rules must be consistent with the FRCP. Fed. R. Civ. P. 83(a)(1).

15 *Abs Entm't* holds that a "bright line" 90-day deadline is incompatible with FRCP 23 and,
16 therefore, unenforceable under FRCP 83; however, the Ninth Circuit did not explicitly strike down
17 Rule 23-3's 90-day deadline in all cases.  The Ninth Circuit's decision advocates a flexible
18 approach consistent with the flexibility of Federal Rule 23, which calls for a determination on
19 class certification "[a]t an early practicable time after a person sues or is sued as a class
20 representative." *Id.* (quoting Fed. R. Civ. P. 23(c)(1)(A)).  "The propriety of a class action cannot
21 be determined in *some* cases without discovery." *Kamm v. Cal. City Dev. Co.*, 509 F.2d 205, 210
22 (9th Cir.1975) (emphasis added).  It does not necessarily follow that 90-days is *per se* insufficient
23 to conduct discovery in order to bring a motion for class certification, and the Ninth Circuit did
24 not take that position in *Abs Entm't*.

25 Here, the parties' second Joint Stipulation does not even attempt to explain why the parties
26 need additional time for discovery prior to the filing of a motion for class certification.  The first
27 Joint Stipulation and the present Motion for Reconsideration also do not provide any such
28 explanation.  This case was filed in September 2018, and a First Amended Complaint ("FAC")

was filed on January 16, 2019.  The 90-day deadline began running on the date of that second filing, which gives Plaintiff until April 16, 2019 to file a motion for class certification.  The parties' first and second Joint Stipulations to extend that deadline were filed in mid- and late-January 2019, respectively.  Plaintiff did not even attempt to explain in January, or now, why this district's usual 90-day timeline for discovery was insufficient.  Nor is the need for additional time apparent on the face of the FAC.  Accordingly, no good cause is shown for extending the deadline, or for granting this Motion for Reconsideration.

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Reconsideration is DENIED. (Dkt. No. 28).

Dated: April 19, 2019.

MANUEL L. REAL
UNITED STATES DISTRICT JUDGE